# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NICHOLAS ANTONIE, an individual; and LEGEND MAKERS LLC d/b/a HERBAN LEGENDS., a Washington corporation, | ) ) ) ) ) | No. 82657-3-I |
| Appellant, | ) ) | |
| v. | ) ) | DIVISION ONE |
| WASHINGTON STATE LIQUOR & CANNABIS BOARD, an agency of the State of Washington, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | |

MANN, J. — Nicholas Antonie and Legend Makers[1] filed a complaint for damages, injunctive relief, and declaratory relief, in the King County Superior Court after the Washington State Liquor & Cannabis Board (the Board) revoked its license to sell cannabis. The trial court dismissed Legend Makers' complaint for failure to comply with the Administrative Procedure Act (APA), ch. 34.05 RCW. Legend Makers appeals. We affirm.

---

[1] This opinion refers to both parties as the LLC, Legend Makers, for clarity.

Citations and pin cites are based on the Westlaw online version of the cited material.

## FACTS

Legend Makers was a Washington limited liability company whose sole member was Antonie. Legend Makers held a cannabis retail license from April 19, 2016, until October 26, 2020.

On December 13, 2019, the Board issued an administrative violation notice citing Legend Makers with five violations of the laws regulating the retail sale of cannabis, including engaging in criminal conduct, consuming cannabis on the licensed premises, providing cannabis at or below its cost, failing to maintain the required security and surveillance systems, and failing to utilize and/or maintain cannabis traceability. The Board also issued an emergency order suspending Legend Makers' cannabis retail license for 180 days. Legend Makers requested a stay of the suspension and an administrative hearing to challenge the administrative violation notice. Before the hearing, the Board and Legend Makers reached a settlement approved by the Board on May 19, 2020.

On June 17, 2020, the Board notified Legend Makers that it was terminating the settlement and cancelling its retail license because Antonie had violated the terms of the settlement and was no longer qualified to hold a cannabis license due to a recent felony and gross misdemeanor conviction.

In August 2020, the Board issued two statements of intent to revoke Legend Makers' license. The first statement sought license revocation because Antonie was no longer qualified to hold a cannabis license due to the recent criminal convictions and failure to timely disclose those convictions. The second statement sought license revocation because of Legend Makers' violation of the settlement.

In September 2020, Legend Makers filed the complaint at issue in this case in King County Superior Court. The complaint alleged that Legend Makers did not violate the settlement and that the Board was aware of the criminal convictions before entering into the settlement.

On September 22, 2020, the Board issued its final orders affirming both statements of intent because Legend Makers failed to request an administrative hearing challenging the statements. The Board's final orders cancelled Legend Makers' cannabis retail license. Legend Makers unsuccessfully sought reconsideration of the final orders. Legend Makers' license was canceled on October 26, 2020.

In February 2021, the Board moved to dismiss the King County complaint, arguing that Legend Makers failed to comply with the requirements of the APA. On April 16, 2021, the trial court granted the Board's motion to dismiss.

Legend Makers appeals.

<u>ANALYSIS</u>

We review de novo the trial court's ruling to dismiss under CR 12(b)(6). <u>Gorman v. City of Woodinville</u>, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012). When reviewing a trial court's decision to dismiss a complaint under CR 12(b)(6), we look to the legal sufficiency of the allegations in the complaint, asking if they create a bar to relief. <u>Blue Spirits Distilling, LLC v. Liquor & Cannabis Bd.</u>, 15 Wn. App. 2d 779, 793, 478 P.3d 153 (2020).

RCW 34.05.010(3) defines an agency action as the licensing, enforcement of a statute, or the imposition of penalties. Licensing includes "the agency process respecting the issuance, denial, revocation, suspension, or modification of a license."

RCW 34.05.010(9)(b). The Board's action revoking Legend Makers' cannabis retail license is an administrative agency action.

The exclusive means for judicial review of an agency action is under the APA. RCW 34.05.510.[2] Legend Makers must comply with the APA to properly invoke jurisdiction in the superior court. Skagit Surveyors and Eng'rs, LLC v. Friends of Skagit County, 135 Wn.2d 542, 555-556, 958 P.2d 962 (1998). We strictly interpret the exclusivity of the APA judicial review procedures. Neah Bay Chamber of Commerce v. Dep't of Fisheries, 119 Wn.2d 464, 468-69, 832 P.2d 1310 (1992). Failure to follow the APA warrants dismissal. Blue Spirits Distilling, 15 Wn. App. 2d at 779 (dismissing an action under CR 12(b)(6) because the party improperly brought the claim outside the APA).

Here, instead of filing a petition for judicial review under the APA, Antonie brought this action directly to the superior court through a complaint against the Board. Thus, because Legend Makers filed the complaint outside the APA and failed to follow the established procedures, we affirm the trial court's order dismissing the complaint under CR 12(b)(6).

Affirmed.

_Manna, J._

WE CONCUR:

_Bremner, J_                    _Verellen, J_

---

[2] RCW 34.05.510 provides three exceptions, however none apply here.